PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CAROL LYNNE MORGAN, | ) |
|     Plaintiff, | ) CASE NO. 4:19CV1097 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| DAVID EDWARD BOKER, *et al.*, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
|     Defendants. | ) [Resolving ECF Nos. 2, 3, and 4] |

*Pro Se* Plaintiff Carol Lynne Morgan brings this action pursuant to 42 U.S.C. § 1983 against defendants David Edward Boker,[1] Leby Hanna Sassya,[2] David Yost,[3] Trumbull County, and Dennis Watkins[4] in connection with Trumbull County, Ohio Domestic Relations Court Case No. 2011 DS 00293 ("Domestic Relations Case").

For the reasons that follow, this case is dismissed.

## I. Background

Plaintiff alleges that Defendants violated her rights under the First, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, as well as 18 U.S.C. §§ 241 and 242, in connection with the Domestic Relations Case in which she was named as the defendant. The

---

[1] David Boker is the attorney who represented Plaintiff's ex-husband in the domestic relations case at issue here. Complaint (ECF No. 1) at PageID #: 2.

[2] Leby Hanna Sassya is Plaintiff's ex-husband. ECF No. 1 at PageID #: 2.

[3] David Yost is the Ohio Attorney General. ECF No. 1 at PageID #: 2.

[4] Dennis Watkins is the Trumbull County Prosecutor. ECF No. 1 at PageID #: 2.

(4:19CV1097)

plaintiff in the Domestic Relations Case is Plaintiff's ex-husband, Defendant Sassya in this action. Plaintiff claims that Defendant Boker, Sassya's attorney in the Domestic Relations Case, forged the signature of her attorney, Mark I. Verkhlin,[5] on a "Docket and Journal Entry" in the Domestic Relations Case, dated June 13, 2012 (ECF No. 1-1 at PageID #: 17), depriving Plaintiff of her constitutional right to due process of law.

Plaintiff alleges that when Verkhlin learned of the forgery, he told her that he would file an objection and appeal. While Plaintiff does not indicate when Verkhlin learned of the forgery, she does state that "my attorney from October 2011 until May 2016" kept promising me that he would find a way to bring the forgery of his signature to the attention of the authorities.[6] ECF No. 1 at PageID #: 7.

Plaintiff claims that she filed various complaints about the alleged forgery and fraud upon the Trumbull County Court but, "[o]ut of all the hearings, and trials, and appeals in my case, not one state agency or official, ever gave me a remedy for the deprivation of my rights, due to the Forgery, Fraud upon the Court, and Public Corruption[.]" ECF No. 1 at PageID #: 8. She states that public corruption "pervades the Trumbull County Court" and has prevented her from

---

[5] On September 20, 2018, the Supreme Court of Ohio accepted Mark I. Verkhlin's resignation as an attorney and counselor at law as a resignation with disciplinary action pending. *In re Verkhlin* 153 Ohio St.3d 1240 (2018).

[6] Plaintiff attaches to her Motion to Cease the Delay and Denial of Access to the Courts (ECF No. 4) a letter from Law Director Gregory Hicks, dated February 8, 2019, regarding her request that he investigate the signature of Verkhlin on the Docket and Journal Entry dated June 13, 2012 in the Domestic Relations Case. According to Hicks' letter, Verkhlin does not wish to pursue a forgery investigation and, while he does not know why he did not sign the document, the entry accurately reflects the parties' agreement. *See* ECF No. 4-1.

(4:19CV1097)

obtaining a remedy for the forgery and fraud in the Domestic Relations Case. ECF No. 1 at PageID #: 6-7.

Among those efforts, Plaintiff states that she personally took "the entire case file with the proof of the [forgery, fraud, and public corruption] to the Ohio Supreme Court Disciplinary [Counsel] 3 times[,]" and "suffered more retaliation in the courts for revealing [these issues] to the Ohio Supreme Court." She contends that disciplinary counsel is part of the fraud, forgery, and corruption cover-up in the Domestic Relations Case. ECF No. 1 at PageID #: 10.

With respect to her state court appeals, the Complaint references a decision issued by an Ohio Court of Appeals regarding the Domestic Relations Case on July 28, 2014. ECF No. 1 at PageID #: 9. In that case, *Sassya v. Morgan*, 17 N.E.3d 104 (Ohio App. 11th Dist. 2014), Plaintiff appealed the grant of summary judgment to her husband in the Domestic Relations Case, but there was no mention of fraud or forgery; she prevailed on that appeal and the Eleventh District remanded the matter. Plaintiff was represented on direct appeal by Mark I. Verkhlin, the same attorney who represented her in the trial court. Subsequent to remand and additional rulings in the Domestic Relations Case, Plaintiff filed two more appeals to the Eleventh District Court of Appeals, but neither fraud nor forgery were raised as assignments of error and Plaintiff did not prevail in either appeal. See *Sassya v. Morgan*, 2015-T-0026, 2018 WL 4063287 (Ohio App. 11th Dist. Aug. 27, 2018); *Sassya v. Morgan*, No. 2018-T-0013, 2019 WL 1517695 (Ohio App. 11th Dist. April 8, 2019).

Plaintiff's prayer for relief includes a request that "any/all orders, judgments, and rulings issued in [the Domestic Relations Case] after the contract (Separation Agreement) dated

3

(4:19CV1097)

September 12th, 2011 was granted shall be made 'void ab initio[.]' " *See* ECF No. 4 at PageID #: 135.

## II. Standard of Review

*Pro se* pleadings are liberally construed by the Court. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Notwithstanding, the district court is required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints and to dismiss before service any such complaint that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). While some latitude must be extended to *pro se* plaintiffs with respect to their pleadings, the Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Thomas v. Brennan*, No. 1:18CV1312, 2018 WL 3135939, at *1 (N.D. Ohio June 26, 2018) (citing *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985) and *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001)).

In order to withstand scrutiny under § 1915(e)(2)(B), " 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under § 1915(e)(2)(B)) (quoting *Iqbal*, 556 U.S. at 678) (quoting *Twombly*, 550 U.S. at 570))). Thus, a complaint fails to state a claim on which relief may be

4

(4:19CV1097)

granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

In addition, federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), and may not entertain an action over which jurisdiction is lacking. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Plaintiff has the burden of alleging sufficient information to establish a basis for federal subject matter jurisdiction. *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable fatal defect, which can be raised by the Court at any time. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

### III. Analysis

#### A. Criminal Claims are Dismissed

As an initial matter, Plaintiff lacks standing to assert claims pursuant to 18 U.S.C. §§ 241 and 242. These two criminal statutes do not provide a private cause of action, and only the United States can bring a criminal complaint under §§ 241 and 242. *Dumas v. Christian*, No. 4:16CV1705, 2016 WL 4566612, at *2 (N.D. Ohio Aug. 31, 2016) (Pearson, J.) (citations omitted). Accordingly, Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242 are dismissed for lack of subject matter jurisdiction.

#### B. Domestic Relations Exception to Subject Matter Jurisdiction

To the extent Plaintiff seeks to re-litigate the outcome of the Domestic Relations Case in this action, the Court lacks jurisdiction to do so. Federal courts will not accept jurisdiction in

5

(4:19CV1097)

domestic relations cases. *Gargallo v. Gargallo*, 472 F.2d 1219 (6th Cir. 1973). In *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890), the Supreme Court stated, "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." "[U]nder the *Burrus* abstention doctrine, federal courts have universally declined to exercise jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is entitled to relief because of the state's constitutional violations, where those assertions are 'a mere pretense and the suit is actually concerned with domestic relations issues.' " *Saunders v. Obama*, No. 1:10-cv-836, 2012 WL 1030473, at *5 (S.D. Ohio March 27, 2012) (quoting *Danforth v. Celebrezze*, 76 Fed.Appx. 615, 616 (6th Cir. 2002)). To the extent Plaintiff takes issue with state court decisions concerning the Domestic Relations Case, this Court lacks subject matter jurisdiction because such claims fall exclusively within the jurisdiction of the state court.

## C. *Rooker-Feldman* Doctrine

More broadly, federal district courts do not have jurisdiction over challenges to state court decisions even if those decisions are unconstitutional. *See D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). To the extent that Plaintiff is asking this Court to review state court decisions concerning the Domestic Relations Case and declare them void, this Court cannot do so.[7] Federal appellate

---

[7] To the extent that state court proceedings concerning Plaintiff's challenges to the Domestic Relations Case are ongoing in some fashion, the Court must abstain pursuant to the *Younger* abstention doctrine. Unless extraordinary circumstances are present, the doctrine of *Younger* abstention prohibits a federal court from interfering in an

(continued...)

(4:19CV1097)

review of state court judgments can only occur in the United States Supreme Court. *See Kovacic v. Cuyahoga Cty. Dept of Children & Family Srvs.*, 606 F.3d 301, 308-09 (6th Cir. 2010) (citations omitted).

This principle, known as the *Rooker-Feldman* Doctrine, states that a party losing her case in state court is barred from seeking what in substance would be federal appellate review of the state judgment. *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994). Federal jurisdiction cannot be invoked merely by couching the claim in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999).

Two elements must be satisfied in order for the *Rooker-Feldman* Doctrine to apply to bar a claim in federal district court. First, the issue before the federal court must be inextricably intertwined with the claim asserted in state court. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998), *overruled on other grounds as stated in Chevalier v. Estate of Barnhart*, 803 F.3d 789, 795 (6th Cir. 2015). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Id.* at 293 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). Second, the claim must be a specific grievance that the law was invalidly or unconstitutionally applied in Plaintiff's particular

---

⁷(...continued)
on-going state judicial proceeding that implicates important state interests and provides an adequate opportunity to raise constitutional challenges in that proceeding. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971); *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995) (family and domestic issues implicate important state interests and state proceedings afford an adequate opportunity to raise constitutional concerns).

(4:19CV1097)

case as opposed to a general constitutional challenge to the law applied in the state action. *Id.* In summary, the *Rooker-Feldman* Doctrine applies to "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

Here, Plaintiff asks this Court to declare state court rulings in the Domestic Relations Case void. Under the *Rooker-Feldman* Doctrine, this Court lacks subject matter jurisdiction to do so. To the extent that Plaintiff's claims are not barred by the *Rooker-Feldman* Doctrine, her claims are barred by *res judicata*.

### D. *Res Judicata*

A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 744 (6th Cir. 2002). Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit. *Nat'l Amusement, Inc. v. City of Springdale*, 53 Ohio St.3d 60 (1990). The doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action she files, or forever be barred from asserting it. *Id.*

Here, Plaintiff alleges that she has brought multiple actions challenging the Domestic Relations Case. These actions include a total of three appeals to the Ohio Eleventh District Court of Appeals, the most recent ruling issued April 8, 2019. In the first two such appeals, Plaintiff was represented by counsel. None of Plaintiff's appeals to the Eleventh District raised the issue

(4:19CV1097)

of forgery or fraud in the Domestic Relations Case. Those are claims that Plaintiff could have, and should have, raised in her state court appeals concerning the Domestic Relations Case. Plaintiff is barred by *res judicata* from now attempting to raise those issues here.

### IV. Conclusion

For all of the foregoing reasons, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Motions for Status Update Concerning Service of Summons (ECF No. 3) and to Cease the Delay and Denial of Access to the Courts (ECF No. 4) are denied as moot. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| January 31, 2020 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |